

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00362-CV

PATRICIA L. WHEELER, APPELLANT

V.

MARY ELIZABETH TURLEY AND BRENDA GRAY, APPELLEES

On Appeal from the 47th District Court
Armstrong County, Texas
Trial Court No. 2534, Honorable Dan L. Schaap, Presiding

February 15, 2019

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Patricia L. Wheeler, appearing pro se, appeals the trial court's September 13, 2017 Judgment for Title of Possession, which awarded title to and possession of property located at 1980 Highway 287 in Goodnight, Texas, to appellee Mary Elizabeth Turley. We abate the proceeding and remand it to the trial court for further action.

Even if not raised by the parties, this Court must determine whether it has jurisdiction to hear an appeal. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex. App.—

Amarillo 1994, writ denied). And, but for a few limited situations not applicable here, we have jurisdiction over an appeal only when a final and appealable order or judgment has been issued by the trial court. *Fisher v. Deford Props.*, No. 07-04-00389-CV, 2005 Tex. App. LEXIS 487, at *1 (Tex. App.—Amarillo Jan. 20, 2005, no pet.) (per curiam). For a judgment to be final and appealable, it must dispose of all issues and parties in the case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Wheeler filed suit against Mary Elizabeth Turley and Brenda Gray. The record reflects that citation was issued as to each defendant, but that only Turley was served. Turley answered the suit and asserted counterclaims. After a trial at which Gray did not appear, the trial court entered its Judgment for Title of Possession, which addressed only claims between Wheeler and Turley. The judgment does not dispose of Wheeler's claims against Gray and does not expressly state that it disposes of all claims and parties. *Id.* at 205-06.

Consequently, the record fails to establish that the trial court's judgment disposed of all claims asserted by or against all parties. Under these circumstances, we may "abate the appeal to permit clarification by the trial court." *Id.* at 206; *see* TEX. R. APP. P. 27.2 (authorizing appellate court to allow an appealed order that is not final to be modified in such a manner as to make it final and have the modified order and all related proceedings included in a supplemental record).

Accordingly, we abate the appeal and remand the cause to the trial court. On remand, the trial court is directed to disclose whether it intended its September 13, 2017 judgment to completely dispose of all claims and all parties. If so, it is directed to modify

the judgment to clearly and unequivocally evince that intent or to sever claims asserted by Wheeler against Gray into a separate cause in a manner that makes the judgment final and appealable.  If the judgment was not intended to be final, the trial court is directed to make such a disclosure to us in writing.  Finally, the trial court is directed to include each modified judgment or severance order it may execute and its writing, if any, clarifying its intent regarding the finality of the judgment in a supplemental record to be filed with the Clerk of this Court on or before March 18, 2019.

Per Curiam